[No. 12315. In Bank. — March 20, 1888.]

LEE PEEK, BY JERRY McNEW, HIS GUARDIAN, RESPONDENT, v. NETTIE A. PEEK, APPELLANT.

PRACTICE — FAILURE TO FILE BRIEF — WAIVER. — Where a party fails to file his brief within the time allowed by the court, and subsequently files it without the permission of the court or the consent of the opposite counsel, the court may, in its discretion, treat the default as a waiver of all technical points, and allow the brief to remain as an argument upon the merits only.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Rowell & Rowell, Harris & Allen,* and *Wells, Van Dyke & Lee,* for Appellant.

*H. C. Rolfe,* for Respondent.

HAYNE, C.—On October 5th the court ordered that the cause be submitted on briefs to be filed, the appellant to file his opening brief within thirty days, the respondent to have thirty days to answer, and the appellant ten days to reply. The appellant neglected to file his opening brief, and on November 26th the respondent filed a document which contained no argument, but simply called attention to the defendant's default, and asked that the judgment and order be affirmed. About three weeks after this the appellant's counsel, without (so far as the record shows) having obtained any extension of time either from the court or counsel, and without the permission of the court, and without offering any excuse for their default, placed their brief on file; and in this condition of affairs the case is sent to us for examination.

The rule is, that where the appellant neither makes an oral argument, nor files any brief, the court will affirm the judgment without an examination of the record. (*Hickinbotham* v. *Monroe,* 28 Cal. 489; *Brewster* v. *Johnson,* 51 Cal. 222; *Faris* v. *Lampson,* 14 Pac. Rep. 674; *Scott* v. *Sowden,* 16 Pac. Rep. 768, filed February 21, 1888.) The respondent, having waited a reasonable time after the default of appellant, had a right to invoke this rule without submitting an argument on the merits, there being nothing for him to reply to. And although we think it would have been better for him to have submitted an argument upon the merits, or to have ascertained the intention of opposing counsel as to filing a brief, he is not in default for not doing so. But there being a brief on file for appellant, although improperly so, we think it would be harsh to apply the rule invoked by respondent. But the respondent, not being in default, has a right to be heard, and we do not think the

cause should be disposed of in the absence of an argument in his behalf.

The cause of the waste of time and labor occurring in this case is the neglect of the appellant's counsel. They had no right to disregard the order of the court as to the time of filing briefs. The dispatch of business requires some order in the proceedings. And the learned counsel for the appellant will readily see that if they are at liberty to disregard the orders and rules of the court, every other counsel would be equally at liberty to do so, which would produce an undesirable confusion.

The court has always been liberal in relieving against defaults. But it is hardly respectful for the counsel to place their brief on file after the expiration of the time allowed therefor, without the permission of the court, or the consent of opposing counsel.

We think that where such a course results in a waste of time, and imposes additional labor on an overburdened court, it should be discouraged, and to that end that the brief of appellant be considered as improperly on file, and that it be allowed to remain only as an argument on the merits,—all the technical points as to the admissibility of evidence being taken to be waived, and that the respondent be permitted to file a brief on the merits.

In the briefs to be filed, we think the attention of counsel should be called to the question whether the contract upon which the defendant relies is not within the statute of frauds. (See Civ. Code, secs. 178, 1624, subd. 3; *Lloyd* v. *Fulton*, 91 U. S. 480; Brown on Statute of Frauds, sec. 215.) And if so, whether there was such a part performance as to take the case out of the statute. (See *Dundas* v. *Dutens*, 1 Ves. 199.)

We therefore advise that the submission of the cause be set aside, with leave to respondent to file a brief within thirty days, the appellant to have thirty days to reply.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the submission of the above cause is set aside, with leave to respondent to file a brief within thirty days, the appellant to have thirty days to reply.